**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

YEE TING LAU, *on behalf of herself*
*and others similarly situated*,

                         Plaintiff,

     v.

NOW HEALTH GROUP, INC.,

                         Defendant.

Case No.:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff YEE TING LAU ("Plaintiff LAU" or "Plaintiff"), on behalf of herself and all other persons similarly situated, by her undersigned attorneys, pursuant to this Class Action Complaint against NOW HEALTH GROUP, INC. ("NOW" or "Defendant"), alleges the following:

<u>**NATURE OF THE ACTION**</u>

1.    This is a consumer protection class action arising from NOW's deceptive practices in the marketing, advertising, and promotion of its LIVER DETOXIFIER & REGENERATOR product (herein "Liver Detox" or the "Product"). As alleged with specificity herein, through an extensive, widespread, comprehensive, and uniform nationwide marketing campaign, Defendant represents that the Product detoxifies and rejuvenates the liver. However, these claims are false and likely to deceive and mislead reasonable consumers. Defendant's representations

communicate to consumers that the Product has drug-like effects when the Product is not actually an FDA approved drug and cannot detoxify or regenerate the liver.

2.    Detoxification & regeneration are basic functions of the human body and the liver is one of the central organs that carries out those processes. The Product cannot replicate or even approximate the liver's functions. Nor can it detoxify and regenerate the liver itself.  The term "detoxification" refers to a medical treatment undertaken in hospitals under life-threatening circumstances, usually when there are dangerous levels of drugs, alcohol or other poisons in the body. Defendant uses this term in an attempt to give scientific legitimacy to its false and misleading claims.

3.    Each person who purchased the Product has been exposed to Defendant's misleading representations, which are contained in its very name, "Liver Detoxifier & Regenerator." The only reason a consumer would purchase the Product would be to obtain these benefits, which the Product does not deliver.

4.    Plaintiff LAU was among the victims of NOW's fraud and  brings this action on behalf of herself and all other similarly situated consumers who, from the applicable limitations period up to and including the present (the "Class Period"), purchased the Product in New York.  Plaintiff seeks to end Defendant's dissemination of its false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased the Product.

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed class consists of over 100 class members;

(ii) at least some of the proposed class members have a different citizenship from Defendant; and (iii) the amount in controversy exceeds the sum of value of $5,000,000.00, excluding interests and costs.

6.     This Court has personal jurisdiction over Defendant because its Product is advertised, marketed, distributed, and sold throughout New York State; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in New York State; Defendant is authorized to do business in New York State.  Defendant has sufficient minimum contacts with New York and/or otherwise has intentionally availed itself of the markets in New York State, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial and not isolated activity within New York State.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, the Defendant has caused harm to Class members residing in this District, and the Plaintiff is a resident of this District under 28 U.S.C. 1391(c)(2) because it is subject to personal jurisdiction in this district.

## PARTIES

### Plaintiff

8.     Plaintiff YEE TING LAU is a citizen of the State of New York and a resident of Kings County, New York. On April 19, 2017, Plaintiff LAU was exposed to Defendant's misrepresentations through Defendant's website and then purchased the Product through Amazon.com for personal consumption for $26.55 (pack of two 90-capsule containers) Plaintiff LAU purchased the Product believing it would provide the advertised liver detoxification benefits.

She used the Product as instructed but did not experience any of the benefits claimed by Defendant. When purchasing the Product, Plaintiff LAU read and relied upon the representations on the Product label through Amazon.com.  As a result of her purchase, Plaintiff LAU was denied the benefit of her bargain.  She was financially injured when she spent money on a product that did not deliver what it promised and indeed delivered nothing at all. Plaintiff LAU had bargained for a working health supplement, but the Product delivered cannot meet any of its claims, so Plaintiff LAU was deprived of the benefit of her bargain.

9.     Below is an image of the Product purchased by Plaintiff LAU:



*Defendant*

10.    Defendant NOW HEALTH GROUP, INC. is a company organized under the laws of the state of Illinois, with its principal place of business at 244 Knollwood Drive, Bloomingdale, IL 60108 and address for service of process at 244 Knollwood Drive, Bloomingdale, IL 60108.

11.    Defendant manufactures, markets, and sells the "Liver Detoxifier & Regenerator" as part of its NOW brand.  The Liver Detoxifier & Regenerator product line is sold at stores such as GNC, at convenience stores, and through e-commerce websites such as, Gnc.com, Amazon.com and Bodybuilding.com

## FACTUAL ALLEGATIONS

### "Detoxification" Is A Pseudo-Scientific Concept

12.    Consumers today are increasingly exposed to a wide range of products, including but not limited to pill supplements, promising to detoxify a wide range of different organs or even the human body as a whole.  But while the concept of detoxification as used by medical professionals is certainly legitimate, "detoxification" as now used by supplement-makers is a marketing concept, not a scientific one.

13.    The reason why is explained by *Science-Based Medicine*, a non-profit, physician-run organization dedicated to exposing "unscientific and pseudoscientific health care ideas"[1]:

> "Detox" is a case of a legitimate medical term being turned into a marketing strategy – all designed to treat a nonexistent condition. In the setting of real medicine, detoxification means treatments for dangerous levels of drugs, alcohol, or poisons, like heavy metals. Detoxification treatments are medical procedures that are not casually selected from a menu of alternative health treatments, or pulled off the shelf in the pharmacy. Real detoxification is provided in hospitals when there are life-threatening circumstances. But then there are the "toxins" that alternative health providers claim to eliminate. This form of detoxification is simply the co-opting of a real term to give legitimacy to useless products and services, while confusing consumers into thinking they're science-based.[2]

---

[1] https://sciencebasedmedicine.org/editorial-staff/ (last viewed 06.19.17)
[2] https://sciencebasedmedicine.org/the-detox-scam-how-to-spot-it-and-how-to-avoid-it/ (last viewed 06.19.17)

14.    Citing the opinions of numerous medical professionals, *The Guardian* confirms that the very concept of detoxification as now marketed by purveyors of detox products is pseudo-medicine that hijacks medical terminology for a quick profit:

> "Let's be clear," says Edzard Ernst, emeritus professor of complementary medicine at Exeter University, "there are two types of detox: one is respectable and the other isn't." The respectable one, he says, is the medical treatment of people with life-threatening drug addictions. "The other is the word being hijacked by entrepreneurs, quacks and charlatans to sell a bogus treatment that allegedly detoxifies your body of toxins you're supposed to have accumulated."
>
> If toxins did build up in a way your body couldn't excrete, he says, you'd likely be dead or in need of serious medical intervention. "The healthy body has kidneys, a liver, skin, even lungs that are detoxifying as we speak," he says. "There is no known way – certainly not through detox treatments – to make something that works perfectly well in a healthy body work better."
>
> "It's a scandal," fumes Ernst. "It's criminal exploitation of the gullible man on the street and it sort of keys into something that we all would love to have – a simple remedy that frees us of our sins, so to speak. It's nice to think that it could exist but unfortunately it doesn't."[3]

## Medical Professionals Agree That Liver Detoxification Products Do Not Work And Have No Benefits

15.    Turning to liver detoxification specifically, medical professionals concur that products promising to deliver it are absolutely ineffective, and Defendant's Product is no exception.

16.    Catherine Collins, a dietician with Britain's National Health Service told *The Guardian*: "It's definitely good to have non-alcohol days as part of your lifestyle. It'll probably give you a chance to reassess your drinking habits if you're drinking too much. But the idea that your liver somehow needs to be 'cleansed' is ridiculous."[4]

---

[3] https://www.theguardian.com/lifeandstyle/2014/dec/05/detox-myth-health-diet-science-ignorance (last viewed 06.19.17)

[4] https://www.theguardian.com/lifeandstyle/2014/dec/05/detox-myth-health-diet-science-ignorance (last viewed 06.19.17)

17.    Below are the responses of medical doctors on healthtap.com to various consumer questions about the efficacy of liver detoxification treatments:

**Question**: Liver detox – what is a good product to choose?

*In brief: NONE! NONE! NONE!* Don't waste your time, money, or health--liver "detoxing" is snake oil! if you indeed have a liver disease, see a specialist who can help design appropriate treatment for you. Please read the many other healthtap answers that dissuade use of "detox" or "cleanse" products.

Dr. Charles Cattano
Internal Medicine –Gastroenterology[5]

*In brief: No such thing*  There is no such thing as a liver detox.  The best way to take care of your liver is by not drinking alcohol excessively, not overeating or being obese, and not taking other unnecessary medications.

Dr. Sidney Vinson
Internal Medicine – Gastroenterology[6]

**Question**: How can you best detox your liver?

*In brief: Detox*  The best way to detox your liver is not to take any of the herbal things they recommend for detoxing your liver. Some of them do more harm than good.  You don't need to detox your liver.  If you drink a lot of alcohol, stop drinking and that will be good for your liver.

Dr. Bob Ourian,
Dermatology[7]

**Question**: What websites or recipes can help with a liver detox?

*In brief: No "liver detox"*  There is no medication for "liver detox" besides controlling the underlying condition and symptoms that caused the liver disease if you have it.  I would see a liver specialists to help you determine what is the best course of action is since liver disease, especially cirrhosis can lead to many complications that can be managed with certain medications.

Dr. Robert Rahimi
Internal Medicine - Hepatology[8]

---

[5] https://www.healthtap.com/user_questions/332609 (last viewed 06.19.17)
[6] https://www.healthtap.com/user_questions/332609 (last viewed 06.19.17)
[7] https://www.healthtap.com/user_questions/683275 (last viewed 06.19.17)
[8] https://www.healthtap.com/user_questions/683276 (last viewed 06.19.17)

**Question**: Does liveraid liverrite work?  I heard it detoxes your liver so you can lose weight as well as be healthy

> *In brief: Marketing Marketing*    Our bodies constantly perform detoxification, tearing down & removing molecules & structures which internal, very complex, still poorly understood mechanisms regulate continuously.    Yet there is OTC marketing & sales to the naive that detoxification is needed with magical products claimed to do this. Utter nonsense for money. Your choice, but I would spend your money elsewhere. Google "HFLC foods".

> Dr. Milton Alvis Jr.
> Preventive Medicine[9]

> *In brief: NO*  There is no such thing as a detox. The function of the liver is to filter the blood already. There is a common misconception that you need to "cleanse" the liver. This is not true. It is not the same as washing out a filter in your car or vacuum cleaner. There are NO over the counter supplements which do anything to help with healthy diet/weight loss/cleansing.

> Dr. Zach Patrick
> Emergency Medicine[10]

18.    This professional consensus does not require extensive medical training to understand,

but only a basic comprehension of how the liver actually works.  *Science-Based Medicine* explains:

> Advocates for detox typically describe the liver and kidney as acting like filters, where toxins are physically captured and retained. It's argued that these organs to be cleaned out periodically, like you'd rinse out a sponge, or change the air filter in your car. But the reality is the kidney and liver don't work this way. The liver performs a series of chemical reactions to convert toxic substances into ones that can be eliminated in bile, or the kidneys. The liver is self-cleansing – toxins don't accumulate in it, and unless you have documented liver disease, it generally functions without any problem. The kidney excretes waste products into the urine – otherwise the substance stays in the blood. To argue that either organ need a "cleanse" is to demonstrate a profound ignorance of human physiology, metabolism, and toxicology.[11]

---

[9] https://www.healthtap.com/user_questions/6652927 (last viewed 06.19.17)
[10] https://www.healthtap.com/user_questions/6652927 (last viewed 06.19.17)
[11]    https://sciencebasedmedicine.org/the-detox-scam-how-to-spot-it-and-how-to-avoid-it/    (last    viewed 06.19.17)

19.    Defendant exploits this "profound ignorance" among consumers, leveraging the truth that the liver has a detoxifying function in the body into the myth that the liver itself requires detoxification—and therefore requires the Product.  But the liver is not a kind of filter that requires the Product to become unclogged, because toxins do not ordinarily accumulate in the liver. Anyone whose liver actually requires detoxification should be in the emergency room, not scouring pharmacy shelves for the Product.  And anyone who merely wishes to maintain a healthy liver needs only common sense—exercise, eating right, limiting alcohol.

**The Ingredients In The Product Do Not Support Liver Health**

20.    Not only does the Product not detoxify and regenerate the liver, it does not help the liver in any other way.

21.    Defendant represents the following on its website:

The liver is the central organ of the body's detoxification processes and Liver Detoxifier & Regenerator is a combination of herbs and nutrients formulated to support the liver's role in these processes.* This product combines Milk Thistle Extract with a unique herbal-enzyme blend to create a balanced botanical formula for healthy liver function.* Nutrients such as N-Acetyl Cysteine and Methionine have been included to support the production of glutathione, a potent free radical scavenger that also plays a critical role in maintaining the body's normal elimination pathways.*[12]

22.    However, there is no evidence that Milk Thistle, N-Acetyl Cysteine, or Methionine do anything to promote liver functioning in normal, healthy human beings under ordinary circumstances.  As explained below, Defendant's claims either ignore the scientific research or take it entirely out of context.

---

[12]    https://www.nowfoods.com/supplements/liver-detoxifier-regenerator-veg-capsules    (last    viewed 06.19.17)

23.  **Milk Thistle** – Milk Thistle has been a popular herbal folk remedy in Europe for millennia.  The ancient Greek physician Dioscorides used it to treat snake bites.[13]  However, modern scientific research has not yielded any significant evidence of its medical usefulness for healthy individuals because it does not "detoxify" or otherwise protect the liver or any other human body part.

24.  Berkeley Wellness, an arm of the University of California, Berkeley, reports that "nearly all studies have looked at milk thistle or silymarin in chronic liver disease; there's little if any evidence the herb can "detoxify" or protect a healthy liver, though this is what these supplements are typically marketed for."  Echoing the opinions above, Berkeley Wellness's "bottom line" is: "Avoid 'liver support' supplements. Just because a healthy liver helps detoxify your body, that doesn't mean it needs to be detoxified itself. It is not like a clogged filter."[14]

25.  Even as to individuals with genuine liver problems, the evidence of Milk Thistle's effectiveness is very limited or nonexistent.  The Mayo clinic reports that the human trials testing Milk Thistle as a treatment for liver disease "have lacked a strong design and strong conclusive evidence."[15]  Likewise, Dr. Raman Venkataramanan, professor of pharmaceutical sciences and pathology at the University of Pittsburgh, states that "there is no controlled, properly powered, large-scale, convincing study supporting the benefits of milk thistle in patients with liver disease."[16]  Researchers  A Rambaldi,, BP Jacobs BP, and C Gluud conclude that their "systematic

---

[13] http://www.berkeleywellness.com/supplements/herbal-supplements/article/be-wary-liver-supplements (last viewed 06.19.17)
[14] http://www.berkeleywellness.com/supplements/herbal-supplements/article/be-wary-liver-supplements (last viewed 06.19.17)
[15] http://www.mayoclinic.org/drugs-supplements/milk-thistle/background/hrb-20059806 (last viewed 06.19.17)
[16] http://www.webmd.com/men/features/liver-detoxification----fact-fad#2 (last viewed 06.19.17)

review could not demonstrate significant effects of milk thistle on mortality or complications of liver diseases in patients with alcoholic and/or hepatitis B or C liver diseases combining all trials or high-quality trials."[17]

26.    In the same vein, webMD.com explains:

At this point, there is not enough scientific data to say whether or not milk thistle can help liver problems. Some early research suggests milk thistle may aid people with alcohol-related liver disease. Other studies show no improvement in liver function in this group of people.

Some studies also show milk thistle may offer a possible benefit for people whose liver is damaged by industrial toxins, such as toluene and xylene.

More information is needed before doctors can say milk thistle actually benefits the liver.[18]

27.    In short, there is absolutely no evidence that Milk Thistle can benefit those who do not have a liver disease and extremely limited evidence that it can benefit those who do.  To the extent future studies establish Milk Thistle's usefulness in treating some diagnosed liver problems, the Milk Thistle will have to be administered by a competent medical professional, not purchased from pharmacy of health food store shelves.  The Milk Thistle in the Product therefore offers nothing of value to anyone.

28.    **N-Acetyl Cysteine** – This ingredient, also known as "NAC," is equally useless to anyone with a healthy, functioning liver.

29.    In its website survey of this ingredient's uses, The Memorial Sloan Kettering Cancer Center reports that "N-acetylcysteine is an effective treatment for acetaminophen poisoning"

---

[17] http://www.cochrane.org/CD003620/LIVER_no-evidence-supporting-or-refuting-milk-thistle-for-alcoholic-andor-hepatitis-b-or-c-virus-liver-diseases (last viewed 06.19.17)
[18] http://www.webmd.com/heart-disease/milk-thistle-benefits-and-side-effects#1 (last viewed 06.19.17)

(Tylenol overdose) and that "one study also observed that NAC has a protective effect against liver toxicity from antituberculosis drugs."[19]   However, the Cancer Center does not report any study documenting NAC's usefulness for healthy individuals under normal circumstances.

30.    Likewise, the University of Maryland Medical Center's survey of the ingredient notes that NAC can treat acetaminophen overdoses, which it describes as a medical emergency requiring hospitalization.[20]   The Center does not document any other uses for NAC.

31.    **Methionine** – The human body uses L-Methionine to synthesize s-adenosylmethionine ("SAMe"), which has a number of important physiological functions.[21]   However, there is no evidence that increasing SAMe levels benefits the livers of healthy individuals, or even sick ones, because adding SAMe does not benefit the liver.

32.    The National Institutes of Health report: "There's some evidence linking decreased levels of SAMe in the body with the development of liver diseases, and animal studies have suggested that SAMe may be of value for liver problems. However, whether SAMe is beneficial for liver diseases in people has not been established."[22]

33.    Likewise, researcher Quentin M. Anstee's in-depth review of the scientific literature concludes: "SAMe synthesis is depressed in chronic liver disease and so there has been considerable interest in the utility of SAMe to ameliorate disease severity. Despite encouraging pre-clinical data confirming that SAMe depletion can exacerbate liver injury and supporting a

---

[19] https://www.mskcc.org/cancer-care/integrative-medicine/herbs/n-acetylcysteine (last viewed 06.19.17)
[20] http://www.umm.edu/health/medical/altmed/supplement/cysteine (last viewed 06.19.17)
[21] http://ketogenicreviews.com/index.php/2017/04/14/what-is-l-methionine-l-methionine-benefits-top-food-sources/ (last viewed 06.19.17)
[22] https://nccih.nih.gov/health/supplements/SAMe (last viewed 06.19.17)

hepatoprotective role for SAMe therapy, to date no large, high-quality randomised clinical trials have been performed that establish clinical utility in specific disease states."[23]

34.    Thus, none of the three ingredients that Defendant touts as beneficial for the liver can actually live up to its claims.   In every case, these ingredients' therapeutic value is either speculative and unsubstantiated or else restricted to highly unusual situations like industrial accidents and Tylenol overdosing, the rational response to which is to seek medical attention, not purchase the Product.   Not only does the Product not detoxify and regenerate the liver—Defendant's central marketing claim—it does not help the liver in any other way.   This is not Plaintiff's opinion, but the report of credentialed medical professionals and prestigious medical research institutions.

**Defendant's Misrepresentations Would Deceive A Reasonable Consumer**

35.    A reasonable consumer would be deceived by Defendant's misrepresentation that the Product will detoxify and regenerate one's liver.

36.    The reasonable consumer (including Plaintiff and the Class) rely on companies such as Defendant to honestly advertise and market products.   Interviewing psychology professor Peter Ayton, *The Guardian* explains the appeal of detox claims to ordinary consumers:

> Peter Ayton, a professor of psychology at City University London, agrees. He says that we're susceptible to such gimmicks because we live in a world with so much information we're happy to defer responsibility to others who might understand things better. "To understand even shampoo you need to have PhD in biochemistry," he says, "but a lot of people don't have that. If it seems reasonable and plausible and invokes a familiar concept, like detoxing, then we're happy to go with it."

---

[23] http://www.sciencedirect.com/science/article/pii/S0168827812004096 (last viewed 06.19.17)

Many of our consumer decisions, he adds, are made in ignorance and supposition, which is rarely challenged or informed. "People assume that the world is carefully regulated and that there are benign institutions guarding them from making any kind of errors. A lot of marketing drip-feeds that idea, surreptitiously. So if people see somebody with apparently the right credentials, they think they're listening to a respectable medic and trust their advice."[24]

37.    Reasonable consumers lack the scientific training to understand why the Product cannot possibly deliver what it promises.  Given that the function of the liver is in fact to detoxify blood, reasonable consumers are easily deceived into the inference that the liver itself requires detoxification (like the air filter in a car), even though this is scientifically baseless.

38.    *Science-Based Medicine* explains why our susceptibility to detox claims may be hard-wired:

There's a reason we fall for the marketing of detoxification – we seem hardwired to believe we need it, perhaps related to our susceptibility to ideas of sympathetic magic. Purification rituals date back to the earliest reaches of recorded history. The idea that we're somehow poisoning ourselves and we need to atone for our sins seems to be a part of human nature, which may explain why it's still a part of most of the world's religions.[25]

39.    The label of the Product states that it is a "dietary supplement."  And the back label contains the standard disclaimer that "These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease." However, these representations pale in prominence by comparison with the deceptive representation inherent to the Product's very name and do nothing to counteract the impression which that name is intended to convey—namely, that one's liver needs to be detoxified and regenerated and that the Product will do this.

---

[24]  https://www.theguardian.com/lifeandstyle/2014/dec/05/detox-myth-health-diet-science-ignorance  (last viewed 06.19.17)

[25]  https://sciencebasedmedicine.org/the-detox-scam-how-to-spot-it-and-how-to-avoid-it/  (last viewed 06.19.17)

40.    *See Stoltz v. Fage Dairy Processing Indus., S.A*., No. 14-CV-3826 (MKB), 2015 U.S. Dist. LEXIS 126880, at *49 (E.D.N.Y. Sep. 22, 2015) ("the mere inclusion of an accurate disclaimer does not necessarily cure other potentially misleading statements or representations set forth in a label or advertisement."); *Delgado v. Ocwen Loan Servicing, LLC*, No. 13-CV-4427 (NGG) (RML), 2014 U.S. Dist. LEXIS 135758, at *24 (E.D.N.Y. Sep. 23, 2014) ("[a] solicitation may be likely to mislead by virtue of the net impression it creates even though the solicitation also contains truthful disclosures.") (quoting *F.T.C. v. Cyberspace.com LLC*, 453 F.3d 1196, 1200 (9th Cir. 2006)). *Hughes v. Ester C Co*., 930 F. Supp. 2d 439, 464 (E.D.N.Y. 2013) (a disclaimer stating the product is not intended to treat any disease does not eliminate "the possibility of a reasonable consumer being misled.").

**Defendant's Misrepresentation Was Material To A Reasonable Consumer And Was Relied Upon By Plaintiff And The Class**

41.    NOW's misrepresentation that the Product detoxifies and rejuvenates the liver is material to a reasonable consumer because this is the only reason anyone would purchase the Product.  Since the Product does not purport to provide any other benefits, this promise is the only thing that could motivate a purchase.

42.    For this reason, Plaintiff and the Class reasonably relied upon Defendant's misrepresentations in purchasing the Product.  They did not know, and had no reason to know, that Defendant's claims were false, and they would not have purchased the Product had they known the truth about it.

43.    Defendant intended that Plaintiff and the Class rely on its misrepresentation, since its misrepresentation is in the very name of the Product.

**Defendant Knew That Its Representations Are Deceptive And Misleading**

44.    Defendant knew that its representations are false and misleading.

45.    As the manufacturer of the Product, Defendant possess specialized knowledge regarding the content and effects of the ingredients contained in the Product.  Thus, it also knew that the Product offered no benefits to anyone.

**Plaintiff And The Class Were Injured By Defendant's Deceptive Conduct**

46.    Plaintiff and the Class were injured by Defendant when Defendant failed to deliver to them the benefit of their bargain.

47.    Plaintiff and the Class paid money for the Product because it promised to detoxify and regenerate their livers.  Defendant failed to deliver on this promise, causing Plaintiff and the Class to pay money for something that had no value whatsoever.

48.    Accordingly, Plaintiff and the Class were injured in the amount of the Product's entire purchase price.

## CLASS ACTION ALLEGATIONS

49.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff LAU seeks to represent the following class:

> All persons or entities who purchased the Product in New York for personal use and not resale within the applicable limitations period and/or such subclasses as the Court deems appropriate ("the Class")

50.    Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

51.    Excluded from this Class are Defendant's current and former officers, directors, and employees, and the judicial officer to whom this case is assigned.

52.    *Numerosity*. While the exact number and identities of purchasers of the Product are unknown to Plaintiff at this time, Plaintiff is informed and believes that the Class contains

thousands of purchasers and is so numerous that individual joinder of all Class members is impracticable.

53.  ***Existence and Predominance of Common Questions of Law and Fact***. Questions of law and fact arise from Defendant's conduct as described herein. Such questions are common to all Class members and predominate over any questions affecting only individual Class members and include:

    a.  Whether Defendant's liver detoxification and regeneration claims are false, misleading, and likely to deceive a reasonable consumer;

    b.  Whether Defendant's marketing and advertising of the Product is fraudulent and unlawful;

    c.  Whether Plaintiff and members of the Class sustained monetary loss and the proper measure of that loss;

    d.  Whether equity calls for disgorgement of unjustly obtained or retained funds, restitution to, or other remedies for the benefit of the Class;

    e.  Whether Plaintiff and other members of the Class are entitled to other appropriate remedies, including equitable and injunctive relief; and

    f.  Whether Defendant's conduct rises to the level of reprehensibility under applicable law such that the imposition of punitive damages is necessary and appropriate to fulfill the societal interest in punishment and deterrence, and the amount of such damages.

54.  ***Typicality***. Plaintiff's claims are typical of those of the Class members because, *inter alia*, Plaintiff and the other Class members were all injured by same uniform conduct, as detailed herein.

55.    ***Adequacy of Representation***. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained competent counsel experienced in prosecuting nationwide class actions.  Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class.

56.    ***Superiority***. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by any individual Class member is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant.  Thus, it would not be economically feasible for an individual class member to prosecute a separate action on an individual basis, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum. Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

57.    The prerequisites to maintaining a class action for equitable relief pursuant to Rule 23(b)(2) are also met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I

**INJUNCTION FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)**

58.    Plaintiff LAU realleges and incorporates herein by reference all allegations contained above as if fully set forth herein and further alleges as follows:

59.    Plaintiff LAU brings this claim individually and on behalf of the other members of the Class for violations of NY GBL § 349.

60.    Defendant's business acts and practices and/or omissions alleged herein constitute deceptive acts or practices under NY GBL § 349, which were enacted to protect the consuming public from those who engage in unconscionable, deceptive or unfair acts or practices in the conduct of any business, trade or commerce.

61.    NY GBL § 349 provides that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are . . . unlawful."

62.    Under GBL § 349, it is not necessary to prove justifiable reliance. ("To the extent that the Appellate Division order imposed a reliance requirement on General Business Law [§] 349 … claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim." *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (N.Y. App. Div. 2012) (internal citations omitted)).

63.    Any person who has been injured by reason of any violation of the NY GBL § 349 may bring an action in their own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

64.    The practices of Defendant described in this Complaint, were specifically directed to consumers and violate the NY GBL § 349 for, *inter alia*, one or more of the following reasons:

a.  Defendant engaged in deceptive, unfair and unconscionable commercial practices by misrepresenting the qualities of the Product, which did, or tended to, mislead Plaintiff and the Class about facts that could not reasonably be known by them;

b.  Defendant caused Plaintiff and the Class to suffer a probability of confusion and a misunderstanding of legal rights, obligations and/or remedies by and through its conduct;

c.  Defendant made material misrepresentations and false statements of fact to Plaintiff and the Class that resulted in Plaintiff and the Class reasonably believing the represented or suggested state of affairs to be other than what they actually were.

65.  Under the circumstances, Defendant's conduct in employing these unfair and deceptive trade practices was malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

66.  Defendant's actions impact the public interest because Plaintiff and members of the Class were injured in exactly the same way as thousands of others purchasing the Product as a result of Defendant's generalized course of deception.

67.  By committing the acts alleged in this Complaint, Defendant has misled Plaintiff and the Class into purchasing the Product on the basis of an erroneous belief that the Product will detoxify and regenerate their livers. This is a deceptive business practice that violates NY GBL § 349.

68.  The foregoing deceptive acts, omissions and practices were directed at consumers.

69.  The foregoing deceptive acts, omissions and practices set forth in connection with Defendant's violations of NY GBL § 349 proximately caused Plaintiff and other members of the Classes to suffer actual damages in the form of, *inter alia*, monies spent to purchase the Product.

They are entitled to recover such damages, together with equitable and declaratory relief, appropriate damages, including punitive damages, attorneys' fees and costs.

70.    Plaintiff LAU, on behalf of herself and all others similarly situated, respectfully demands a judgment enjoining Defendant's conduct, awarding costs of this proceeding and attorneys' fees, as provided by NY GBL § 349, and such other relief as this Court deems just and proper.

## COUNT II

## DAMAGES FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

71.    Plaintiff LAU realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

72.    Plaintiff LAU brings this claim individually and on behalf of the other members of the Class for violations of NY GBL § 349.

73.    Defendant's business act and practices and/or omissions alleged herein constitute deceptive acts or practices under NY GBL § 349, which were enacted to protect the consuming public from those who engage in unconscionable, deceptive or unfair acts or practices in the conduct of any business, trade or commerce.

74.    Under the circumstances, Defendant's conduct in employing these unfair and deceptive trade practices were malicious, willful, wanton and outrageous such as to shock the conscience of the community and warrant the imposition of punitive damages.

75.    Defendant's actions impact the public interest because Plaintiff and members of the Class were injured in exactly the same way as thousands of others purchasing the Products as a result of Defendant's generalized course of deception.

76.    The foregoing deceptive acts and practices were directed at consumers.

77.    The foregoing deceptive acts and practices set forth in connection with Defendant's violations of NY GBL § 349 proximately caused Plaintiff and other members of the Class to suffer actual damages in the form of, *inter alia*, monies spent to purchase the Product. Plaintiff and other members of the Class are entitled to recover compensatory damages, statutory damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems appropriate. Damages can be calculated through expert testimony at trial.

## COUNT III

## DAMAGES FOR VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 350 (FALSE ADVERTISING LAW)

78.    Plaintiff LAU realleges and incorporates by reference the allegations contained in all preceding paragraphs and further alleges as follows:

79.    Plaintiff LAU brings this claim individually, as well as on behalf of members of the class, for violations of NY GBL § 350.

80.    Defendant has been and/or is engaged in the "conduct of … business, trade or commerce" within the meaning of N.Y. Gen. Bus. Law § 350.

81.    New York Gen. Bus. Law § 350 makes unlawful "[f]alse advertising in the conduct of any business, trade or commerce." False advertising includes "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect," taking into account "the extent to which the advertising fails to reveal facts material in light of … representations [made] with respect to the commodity …" N.Y. Gen. Bus. Law § 350-a(1).

82.    Defendant caused to be made or disseminated throughout New York, through advertising, marketing and other publications, statements that were untrue or misleading.

22

83.    Defendant's affirmative misrepresentations as alleged herein were material and substantially uniform in content, presentation, and impact upon consumers at large. Consumers purchasing the Products were, and continue to be, exposed to Defendant's material misrepresentations.

84.    Plaintiff LAU and members of the Class have suffered an injury, including the loss of money or property, as a result of Defendant's false and misleading advertising.

85.    Pursuant to N.Y. Gen. Bus. Law § 350-e, Plaintiff LAU and members of the Class seek monetary damages (including actual damages and minimum, punitive, or treble and/or statutory damages pursuant to GBL § 350-a (1)), injunctive relief, restitution and disgorgement of all monies obtained by means of Defendants' unlawful conduct, interest, and attorneys' fees and costs.

## COUNT IV

## COMMON LAW FRAUD

86.    Plaintiff LAU realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further alleges as follows:

87.    Defendant intentionally made materially false and misleading representations regarding the Product, claiming that it can detoxify and regenerate the purchaser's liver.

88.    Plaintiff and members of the Class reasonably relied on Defendant's false and misleading representation.  They did not know, and had no reason to know, that the Product could not detoxify and regenerate their livers.  Defendants knew and intended that Plaintiff and the Class would rely on its misrepresentation.

89.    Plaintiff and members of the Class have been injured as a result of Defendant's fraudulent conduct.

90.    Defendants are liable to Plaintiff and members of the Class for damages sustained as a result of Defendant's fraud.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, seeks judgment against Defendant as follows:

a.    An Order that this action be maintained as a class action and appointing Plaintiff as representative of the Class;

b.    An Order appointing the undersigned attorney as class counsel in this action;

c.    Awarding restitution and disgorgement of all amounts obtained by Defendant as a result of its misconduct, together with interest thereon from the date of payment, to Plaintiff and the proposed Class members;

d.    Awarding declaratory relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them all money they are required to pay;

e.    Statutory pre-judgment and post-judgment interest on any amounts;

f.    Awarding attorneys' fees and costs; and

g.    Such other relief as the Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and the Class, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: July 5, 2017

Respectfully submitted,

By:    */s/ C.K. Lee*
          C.K. Lee

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*