

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Jason D. Gerstein
jason.gerstein@dlapiper.com
T   212.335.4821
F   212.884.8521

*By ECF*

December 1, 2017

The Honorable William F. Kuntz, II
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Lau v. NOW Health Group, Inc.*, **No. 1:17-cv-03992-WFK-SJB**

Dear Judge Kuntz:

    This firm represents defendant NOW Health Group, Inc. ("NOW") in this putative class action by New York purchasers of NOW Liver Detoxifier, filed by Plaintiff Yee Ting Lau. Pursuant to Section III.B of Your Honor's Individual Motion Practices, NOW respectfully requests a pre-motion conference to discuss an anticipated motion to dismiss based on the following grounds:

**A.**    **Summary of Allegations**

    Plaintiff alleges false and misleading advertising of NOW's Liver Detoxifier & Regenerator dietary supplement (the "Product"). Plaintiff cites to quotations from public media news articles, opinion statements, and websites, and bases her pleading on the ground that "there is no evidence" that the Product or its ingredients have detoxifying benefits. In other words, Plaintiff's allegations are grounded in a "lack of substantiation" theory. Plaintiff asserts violations of N.Y. GBL §§ 349 and 350 and common law fraud, and seeks injunctive relief on behalf of "all persons or entities who purchased the Product in New York for personal use and not resale."

**B.**    **Plaintiff's GBL § 349 and § 350 Claims Fail By Not Alleging Actual Injury**

    Plaintiff alleges only that she "was financially injured when she spent money on a product that did not deliver what it promised and indeed delivered nothing at all" and that she was therefore "deprived of the benefit of her bargain," i.e., the full purchase price of the product. (Compl. ¶¶ 9, 48.)  This is not a cognizable injury under GBL § 349 and § 350, because consumers may not allege injury in the form of the full purchase price simply because they claim they would not otherwise have purchased a product. *See Rodriguez v. It's Just Lunch, Int'l*, No. 07 Civ. 9227(SHS)(KNF), 2010 WL 685009, at *9 (S.D.N.Y. Feb. 23, 2010); *see also Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 56 (N.Y. 1999) (rejecting plaintiffs' theory that consumers who buy a product that they would not have purchased absent a manufacturer's allegedly deceptive commercial practices have suffered injury under GBL § 349).



Honorable William F. Kuntz, II
December 1, 2017
Page Two

While courts have held that allegations of a "price premium" tied to the deceptive claim have been sufficient to withstand dismissal at the pleadings stage, here there is no non-conclusory allegation that NOW charged a "premium" or "inflated" price for its product <u>as a result</u> of its so-called deceptive actions. *Cf. Rodriguez*, 2010 WL 685009, at \*9; *Jernow v. Wendy's Int'l, Inc.*, No. 07CIV.3971(LTS)(THK), 2007 WL 4116241, at \*3 (S.D.N.Y. Nov. 15, 2007).

C. **<u>Plaintiff's Lack of Substantiation Arguments Cannot Support a Claim of Fraudulent, Misleading, or False Advertising</u>**

New York courts do not permit standalone lack of substantiation arguments to support a false or misleading advertising claim; rather, a plaintiff must allege actual falsity. *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (distinguishing claim of affirmative falsehood from lack of substantiation claim); *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 459 (E.D.N.Y. 2013) (stating "the simple allegation that a given statement is unsubstantiated or unsupported by scientific evidence, standing alone, will not be enough for purposes of showing a deceptive or fraudulent representation"). Thus, where a plaintiff's false advertising claims are based on lack of substantiation, the alleged lack of substantiation alone—without alleging actual falsity—will not render the challenged statements false or misleading. *See id.* at 456 (citing supporting cases).

Plaintiff argues that NOW's representations are false and misleading because NOW has no scientific evidence supporting the Product's statements. (*See, e.g.*, Compl. ¶ 22 (alleging that "<u>there is no evidence</u> that Milk Thistle, N-Acetyl Cysteine, or Methionine do anything to promote liver functioning") (emphasis added).) Nowhere does Plaintiff point to actual scientific evidence that the challenged statements are affirmatively false. Plaintiff's quotations from news articles, websites, and purported "medical professionals" about the general concept of "detoxification" in no way relate to the Product, its ingredients, or its capacity to support liver function, nor does Plaintiff point to any scientific study demonstrating that the Product's representations are demonstrably false. (*See, e.g.*, Compl. ¶¶ 13-14, 16, 17, 36.) To the contrary, NOW has ample scientific evidence demonstrating the efficacy of the Product. As New York courts have consistently held, to state a claim for false advertising, a complaint must have more than bare and conclusory allegations that label claim statements lack substantiation. *See, e.g.*, *Hughes*, 930 F. Supp. 2d at 459; *Jovel v. i-Health, Inc.*, No. 12-CV-5614, 2013 WL 5437065, at \*8 (E.D.N.Y. Sept. 27, 2013); *Quinn v*, 958 F. Supp. 2d at 544. Plaintiff has not proffered such evidence.



Honorable William F. Kuntz, II
December 1, 2017
Page Three

### D. Plaintiff's Common Law Fraud Claim Fails

To state a claim for fraud under New York law, "the complaint must contain allegations of a representation of material fact, falsity, scienter, reliance and injury." *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 165 (S.D.N.Y. 2014) (quotation omitted). Fed. R. Civ. P. 9(b) requires allegations of fraud to be pled "with particularity." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). Plaintiff fails to carry her heavy pleading burden.

Plaintiff Has Not Pled Falsity: For the reasons set forth above, Plaintiff has not alleged actual falsity. Consequently, her fraud claim fails.

Plaintiff Has Not Pled Reliance: Reliance "is a condition which cannot be met where…a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to make use of those means." *Ward*, 3 F. Supp. 3d at 166 (S.D.N.Y. 2014) (quoting *Arfa v. Zamir*, 76 A.D.3d 56, 905 N.Y.S.2d 77, 79 (1st Dep't 2010)). Plaintiff's own pleading cites to dozens of publicly available sources—sources which Plaintiff holds out as authoritative—to support her claims of misrepresentation. (*See* Compl. ¶¶ 12-40.) As such, she "certainly had other easily available, independent means…to make an informed decision as to whether or not to purchase" the product and thus "cannot plausibly show reasonable reliance" on the product label. *Ward*, 3 F. Supp. 3d at 166-67.

### E. Plaintiff Has No Standing to Seek Injunctive Relief

A plaintiff must demonstrate standing to survive a motion to dismiss under Rule 12(b)(1). *Amidax Trading Grp. v. S.W.I.F.T SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). Standing requires a showing of the "'likelihood' that the injury 'will be redressed by a favorable decision,'" among other factors. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). Here, Plaintiff lacks standing to pursue injunctive relief on behalf of herself or the putative class because the Complaint fails to allege any likelihood of future harm. *Sitt v. Nature's Bounty, Inc.*, No. 15-CV-4199 (MKB), 2016 WL 5372794, at *7 (E.D.N.Y. Sept. 26, 2016). Indeed, regardless of any prior confusion, Plaintiff's pleading demonstrates her full understanding of the product's label and the claims stated therein and does not allege that she intends to purchase the product. As such, she will not, and cannot, be misled by the claim in the future. *See, e.g.*, *Buonasera v. Honest Company, Inc.*, 208 F. Supp. 3d 555, 564 (S.D.N.Y. 2016).

Respectfully submitted,

Jason D. Gerstein